UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICHARD MORGAN,

                        Plaintiff,

      -v.-                                       9: 06-CV-1105
                                                        (NPM)(GJD)

NEW YORK STATE POLICE FORENSIC
INVESTIGATION CENTER, WAYNE E. BENNETT,
BARRY DUCEMAN, Ph.D., JULIE A. PIZZIKETTI,
KEVIN P. RAFFERTY, DIANA M. SEABURG,
MELISSA (or MELINNA) A. LEE

                        Defendants

---

APPEARANCES:

RICHARD MORGAN
Plaintiff, *pro se*
Mid-State Correctional Facility
PO Box 2500
Marcy, NY 13403

NEAL P. McCURN, SENIOR DISTRICT JUDGE

## **DECISION and CONDITIONAL ORDER OF DISMISSAL**

**I.**      **Background.**

      The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis* filed by Plaintiff Richard Morgan, who is presently incarcerated at Mid-State Correctional Facility.  Dkt. Nos. 1 and 2.

      Because the pleading filed by Plaintiff fails to satisfy the basic pleading requirements established by the Federal Rules of Civil Procedure, the Court orders Plaintiff to file an amended complaint should he wish to avoid the dismissal of his action.

**II.     Discussion.**

    (A)     Rules governing pleading requirements.

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* FED. R. CIV. P. 8(a)(2).  The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (*quoting Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.) (other citations omitted)).

As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power to, on its own initiative, ... dismiss the complaint."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Hudson*, 1998 WL 832708, *2 (citation omitted).  In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the Plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous.  *See Simmons II v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

    (B)     Allegations contained in the complaint.

A review of the complaint reveals that the pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rule.  In his *pro se* complaint, Plaintiff alleges multiple violations of his civil rights by the New York State Police Forensic Investigation Center and six of its

employees. Plaintiff alleges that defendants committed fraud through their handling of his DNA sample that resulted in a violation of Plaintiff's First, Fourth, Fifth, Sixth, and Eighth Amendment rights.

However, while Plaintiff seems to be claiming that his constitutional rights have been violated by the defendants, Plaintiff does not clearly state the dates on which he was **actually** injured by any action of the defendants, or what injury the alleged conducted caused plaintiff. It appears that Plaintiff's allegations stem from the events leading up to Plaintiff's conviction. If so, Plaintiff must identify the trial name, trial dates, and whether the conviction has been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Accordingly, this Court is unable to ascertain that Plaintiff has set forth a viable cause of action.

For the reasons stated above, Plaintiff is advised that unless he files an amended complaint **within thirty (30) days** from the date of the filing of this Order, this action will be dismissed. The amended complaint must include the dates of each alleged wrongful conduct **as well as specific allegations of how Plaintiff was actually injured by defendant's action on each occasion.**

Any such amended complaint, **which shall supersede and replace in its entirety the previous complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual and/or entity that Plaintiff is suing in the present lawsuit, and must bear the case number assigned to this action. The body of Plaintiff's complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he shall include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on

which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall assert claims against each and every defendant named in such complaint, and shall be filed with the Court **within thirty (30) days** from the date of the filing of this Order. **Any defendants not named in the amended pleading shall not be defendants in this action.** Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, **Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes this Court to consider as a basis for awarding Plaintiff relief herein; his failure to file such a pleading will result in dismissal of this action without further Order of the Court.**

(C)     *In forma pauperis* application.

Turning to Plaintiff's *in forma pauperis* application, after reviewing the entire file herein, the Court finds that Plaintiff's *in forma pauperis* application may be granted.

WHEREFORE, it is hereby

ORDERED, that Plaintiff file with the Court **within thirty (30) days** from the date of the filing of this Order, an amended complaint which complies fully with the terms of this Order as detailed above, and it is further

ORDERED, that if Plaintiff fails to file an amended complaint **within thirty (30) days** from the date of the filing of this Order, the Clerk enter judgment dismissing this action without further order of this Court due to Plaintiff's failure to comply with the terms of this Order, and it is further

4

ORDERED, that if Plaintiff fails to allege specific acts of misconduct as to any of the individuals named in any amended complaint filed herein, the instant action be dismissed with respect to the individuals against whom the Plaintiff has failed to allege specific acts of misconduct, and it is further

ORDERED, that Plaintiff's *in forma pauperis* application is granted.[1]  The Clerk shall provide the Sheriff of the facility designated by Plaintiff as his current location with a copy of Plaintiff's authorization form, and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915, and it is further

ORDERED, that the Clerk provide a copy of Plaintiff's authorization form to the Financial Deputy of the Clerk's Office, and it is further

ORDERED, that upon the filing of Plaintiff's amended complaint as directed above, the file in this matter be returned to the Court for further review, and it is further

ORDERED, that the Clerk serve a copy of this Order on the Plaintiff by regular mail.

Dated: October 16, 2006
       Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge

---

[1] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.